UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

WALTER BRAVO,

                              Plaintiff,

                   -against-

THE CITY OF NEW YORK, JAVIER MUNOZ, in his individual capacity, MANUEL ORELLANA, in his individual capacity, and KELLY QUINN, in her individual capacity, and JOHN or JANE DOE, in his/her individual capacity (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                              Defendants.

**STIPULATION AND ORDER OF SETTLEMENT AND DISCONTINUANCE**

11 CV 0773 (NGG)(VVP)

------------------------------------------------------------------------x

        **WHEREAS,** plaintiff WALTER BRAVO commenced this action by filing a complaint on or about February 16, 2011, alleging that defendants City of New York, Police Officers Javier Munoz, Manuel Orellana and Kelly Quinn violated plaintiff's civil and state common law rights; and

        **WHEREAS,** defendants have denied any and all liability arising out of plaintiff's allegations; and

        **WHEREAS,** the parties now desire to resolve the issues raised in this litigation without further proceedings and without admitting any fault or liability; and

        **WHEREAS,** defendants have served plaintiff with a Rule 68 Offer of Judgment on February 6, 2012;

        **WHEREAS,** plaintiff has authorized counsel to settle this matter on the terms set forth below;

        **WHEREAS,** plaintiff WALTER BRAVO accepted defendants' Rule 68 Offer of Judgment on February 21, 2012;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

1. All claims in the above-referenced action asserted by plaintiff Walter Bravo are hereby dismissed against all defendants, with prejudice, and without costs, expenses, or attorneys' fees except as specified in paragraph "2" below.

2. Defendant City of New York hereby agrees to pay plaintiff Walter Bravo the sum of Twelve-Thousand, Five Hundred and One ($12,501.00) Dollars, in full satisfaction of all claims, plus reasonable attorneys' fees, expenses, and costs, up to the date of the Rule 68 Offer, February 6, 2102. In consideration for the payment of this sum, plaintiff agrees to dismissal of all of the claims brought by him against the defendants, and to release the defendant the City of New York, Police Officer Javier Munoz, Police Officer Manuel Orellana, and Police Officer Kelly Quinn, and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights, from the beginning of the world to the day of the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3. Plaintiff has assigned his rights to attorneys' fees, expenses, and costs to his attorneys, Brett Klein, Esq. and Jason Leventhal, Esq.

4. Plaintiff Walter Bravo shall execute and deliver to the defendant's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph "2" above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand

letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

5. Counsel for plaintiff and defendants will *separately* resolve plaintiff's claims *for* reasonable attorney's fees, expenses, and costs, and payment for those sums will be made directly to plaintiff's counsel. If the matter is not resolved by counsel for the parties without judicial intervention, counsel for either party may proceed by motion to seek a determination of reasonable attorney's fees, expenses, and costs.

6. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. Neither the filing of the complaint in this action, nor the settlement of this action shall be asserted by plaintiff or his counsel in any other litigation or proceeding as evidence of wrongful conduct on the part of the City of New York or any present or former employees or agents of the City of New York. This stipulation and Rule 68 Offer and Acceptance shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

7. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

8. Plaintiff agrees to hold harmless the defendants the City of New York, Police Officer Javier Munoz, Police Officer Manuel Orellana, Police Officer Kelly Quinn, and the New York City Police Department regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or

future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

9. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated:  New York, New York
April 18, 2012

| | |
|---|---|
| Leventhal & Klein, LLP<br>Attorneys for Plaintiff<br>45 Main Street, Suite 230<br>Brooklyn, New York 11201<br>~~(212) 643-2900~~ (718) 722-4100<br><br>By: _____<br>Brett Klein, Esq. | MICHAEL A. CARDOZO<br>Corporation Counsel of the City of New York<br>Attorney for Defendant City of New York<br>100 Church Street<br>New York, New York 10007<br>(212) 788-0715<br><br>By: _____<br>Liza Sohn<br>Assistant Corporation Counsel |

SO ORDERED:

_____
HONORABLE NICHOLAS G. GARAUFIS
UNITED STATES DISTRICT JUDGE